

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PAUL ADKINS, JR. § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:05-0108-HFF-TER |
| § | |
| FEDERAL BUREAU OF PRISONS et al., § | |
|     Defendants. § | |

## ORDER

This is an action brought pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is proceeding pro se. The matter is presently before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' Motion to Dismiss be granted. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 20, 2007, and the Deputy Clerk of Court entered Plaintiff's nineteen page objection memorandum, along with several pages of exhibits, on

March 16, 2007. The Court has carefully reviewed Plaintiff's objections, but finds them to be without merit. In large measure, Plaintiff merely reargues his response to Defendants' Motion to Dismiss. Therefore, because the Court agrees with the Magistrate Judge's findings and legal analysis regarding issues of subject matter jurisdiction, qualified immunity, and personal jurisdiction as set forth in the comprehensive and well-reasoned Report, it will not address the issues a second time here.

In light of the recent case *Jones v. Bock*, 127 S.Ct 910, 922-26 (2007) (holding that, as applicable to this action, 1) inmates' § 1983 actions are not automatically rendered noncompliant with the PLRA exhaustion requirement by the fact that not all defendants named in the complaints had been named in previous administrative grievances, and (2) an inmate's compliance with the PLRA exhaustion requirement as to some, but not all, claims does not warrant dismissal of the entire action), however, the Court declines to adopt the "Exhaustion of Remedies" section of the Report, as set forth on pages 7-11, except that the Court does agree that Plaintiff's failure to exhaust his administrative remedies as to his FCI-Edgefield related claims is fatal to those claims.

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court adopts the Report to the extent that it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' Motion to Dismiss be **GRANTED** as to all claims, except to the declaratory and the injunctive relief claims, which must be **DENIED**.

Defendants shall have thirty (30) days from the filing of this Order to file a dispositive motion on Plaintiff's claims of declaratory judgment and injunctive relief pursuant to the *Jones* decision referenced above.

**IT IS SO ORDERED**.

Signed this 22nd day of March, in Spartanburg, South Carolina.

                                                        s/ Henry F. Floyd
                                                       HENRY F. FLOYD
                                                       UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.