IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PAUL ADKINS, JR., ) | Civil Action No. 4:05-cv-00108-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| HARLEY G. LAPPIN; KIM WHITE; ) | |
| BOBBY G. COMPTON; JERRY JONES; ) | |
| RODNEY MYERS; JOHN J. LAMANA; ) | |
| TYRONE ALLEN; JOE NEAL; ) | |
| SHERILYN CHEEK, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Paul Adkins, Jr., ("plaintiff/Adkins"), filed this action[1] on January 24, 2005. This action is construed as being filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff alleges that his constitutional rights were violated by defendants who he alleges denied him visitation with Elizabeth Adkins, his purported wife. Defendants filed a motion to dismiss along with a memorandum and declaration in support of that motion (doc. #22). The undersigned issued a Report and Recommendation on February 20, 2007, recommending that defendants' motion to dismiss be granted. (Doc. #41). On March 22, 2007, after review of plaintiff's objections, the Honorable Henry F. Floyd, United States District Judge, adopted in part and denied in part the Report and Recommendation. Judge Floyd adopted the

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Recommendation to grant defendants' motion to dismiss regarding the issues of subject matter jurisdiction, qualified immunity, and personal jurisdiction. Additionally, he adopted the Recommendation that plaintiff's "Edgefield" claims should be dismissed for failure to exhaust administrative remedies. (Doc. #49). However, based on the recent decision in Jones v. Bock, 127 S.Ctr. 910, 922-26 (2007), he declined to adopt the Recommendation that the entire matter be dismissed due to plaintiff's failure to exhaust his FCI Edgefield claims. Also, Judge Floyd gave the defendants thirty days from the filing of the Order to file a dispositive motion on plaintiff's claims of declaratory judgment and injunctive relief.

On April 23, 2007, defendants filed a motion to dismiss declaratory and injunctive relief claims. (Doc. # 52).[2] Because the plaintiff is proceeding pro se, he was advised on or about April 24, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the defendants' motion to dismiss could result in dismissal of his complaint. The plaintiff filed a response on May 10, 2007.

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges defendants violated his constitutional rights with respect to his visitation with his "wife" Elizabeth Adkins. As part of his relief, plaintiff requested the following:

---

[2] It is noted that in the motion to dismiss, defendants stated that the Honorable Henry F. Floyd indicated that all claims concerning FCI Edgefield were dismissed due to plaintiff's failure to exhaust administrative remedies and only those facts bearing on plaintiff's claims concerning USP Lee County remained. As plaintiff noted in his response, this is incorrect. The Report and Recommended recommended dismissing claims regarding employees of USP Lee County for lack of personal jurisdiction. The Court adopted the Report with respect to personal jurisdiction.

> A declaration that the acts and omission described herein violated plaintiff's rights under the Constitution and Laws of the United States, Common Laws, and Plaintiff's Civil Rights.
>
> A preliminary and permanent injunction ordering Defendants Michael Pettiford: Shirley Ausborn, Terry Whitehead [3] to allow plaintiff's wife Mrs. Elizabeth Adkins to be admitted to having visitation with the plaintiff, Paul Adkins, Jr., and to not be discriminated against the Plaintiff because of Plaintiff's wife previous employment with the BOP three years ago. To not bring any retaliation measures against plaintiff and his wife in any form or fashion. Such acts include: falsified segregation, harassment by prison staff, inappropriate cell shake-downs, unwarranted transfers, and any threats of any kind etc.

As previously stated, since plaintiff is a federal prisoner, his constitutional claims are evaluated under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, supra, which established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. Bivens, 403 U.S. at 397. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. §1983; therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Farmer v. Brennen,* 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241-1242 (11th Cir.2000); Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310, n. 8 (M.D.Ala.2001).

**FACTS:**

In September 2002, Elizabeth Shelby sought to visit with plaintiff at USP Lee County, Virginia. She was initially added to plaintiff's visiting list and allowed to visit twice, but was

---

[3] As noted in the previous report and recommendation, the two additional parties named as defendants in the amended complaint were never served. The two additional defendants plaintiff was seeking to add were Shirley Ausborn, the Associate Warden of Programs at FCI Bennettsville, and Terry Whitehead, Unit Manager, at FCI Bennettsville. Michael Pettiford is the Warden at FCI Bennettsville.

subsequently removed from the visiting list. Ms. Shelby was a former Bureau of Prisons (BOP) employee who had worked at the FCI Petersburg, Virginia, during the time plaintiff was incarcerated at that facility. When Ms. Shelby sought to visit with plaintiff, she indicated she knew him "For a while in Virginia." (Complaint, Exhibit E). That statement indicated to prison staff that the relationship between Ms. Shelby and plaintiff began during his incarceration. (Exhibit 1, attachments B, D, and F).

Subsequently, plaintiff married Elizabeth Adkins, previously known as Elizabeth Shelby and Elizabeth Jiminez, on August 14, 2003, via proxy. (Complaint, Exhibits D and I).

After the marriage, plaintiff requested that his new wife be placed on his visiting list at USP Lee County. (Complaint). In September 2003, plaintiff's request was denied. This denial was based on the fact that Mrs. Adkins had submitted inconsistent information on her visitor forms concerning when her relationship with plaintiff began. (Exhibits C and E). Mrs. Adkins had previously submitted visitor applications in September 2002 and July 2003. (Exhibit E). When asked when and where their relationship began, Mrs. Adkins indicated on one form that they were friends and she had know him for "a while in Virginia." On other forms, she indicated the relationship began in 1987 in Georgia. (Complaint, exhibit E). Due to the inconsistencies and the fact that Mrs. Adkins was a former BOP employee who appeared to have started her personal relationship with plaintiff while he was incarcerated, Defendant Compton decided to deny the requested visitation.

Plaintiff was transferred from USP Lee County in April 2004, and arrived at FCI Edgefield, South Carolina on May 13, 2004. (Complaint). Upon arrival at FCI Edgefield, plaintiff was asked who he wanted on his visiting list. Plaintiff had his wife placed on the visiting list at FCI Edgefield in accordance with the regulation which provides that members of the immediate family, including

4

the spouse, "are placed on the visiting list, absent strong circumstances which preclude visiting." 28 C.F.R. § 540.40(a). Mrs. Adkins visited plaintiff at FCI Edgefield in late May 2004.

In an initial review with his Unit Team in June 2004, questions arose about plaintiff's marriage to Mrs. Adkins. (Compliant, exhibit K). The staff at FCI Edgefield began to investigate and learned that plaintiff's wife was a former BOP employee and that they met while plaintiff was incarcerated at the facility where she was employed. FCI Edgefield staff also learned that Mrs. Adkins had previously attempted to visit with plaintiff on at least two other occasions but the requests were denied due to the lack of a prior established relationship and security concerns arising from Mrs. Adkins' former employment with the BOP. (Complaint, Exhibit K). Thus, Mrs. Adkins was removed from plaintiff's visiting list at FCI Edgefield. Plaintiff subsequently wrote to defendant Lamanna asking why his wife had been removed. Defendant Lamanna responded on or about July 1, 2004, stating the reasons for the removal were based on security concerns due to prior BOP employment. Plaintiff was transferred to FCI Williamsburg where he states in his response in opposition that he is not denied visitation with his wife.

In plaintiff's response in opposition, plaintiff states that he was transferred from USP Lee County to FCI Edgefield; to FCI Bennettsville; to FCI Williamsburg all within one (1) year and that "At each institution all for the exception of FCI Bennettsville, plaintiff was allowed to visit with his wife without incident." (Response). Therefore, it appears plaintiff has abandoned all causes of action as to each defendant except FCI Bennetsville.

### B.  STANDARD FOR SUMMARY JUDGMENT

As both parties have submitted exhibits outside of the pleadings for review by the court, the

5

motion to dismiss will be treated as a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure..

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of

law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. INJUNCTIVE RELIEF

As stated above, plaintiff requests in his amended complaint "A preliminary and permanent injunction ordering Defendants Michael Pettiford, Shirley Ausborn, Terry Whitehead [4] to allow plaintiff's wife Mrs. Elizabeth Adkins to be admitted to having visitation with the plaintiff, Paul Adkins, Jr., and to not be discriminated against the Plaintiff because of Plaintiff's wife previous employment with the BOP three years ago. . ."(Amended complaint).

Defendants argue the request should be denied in that there is no likelihood of irreparable harm because he has no constitutional right to visitation with his wife, the likelihood of harm to the individual defendants is minimal, and that it is not likely that plaintiff will succeed on the merits of this case as the court has granted qualified immunity to each individual defendant.

As plaintiff requests a preliminary injunction against defendant Michael Pettiford, the Warden at FCI Bennettsville, the motion is moot. Plaintiff is now located at FCI Williamsburg. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983).

As previously noted, plaintiff states in his response in opposition that he has not been denied

---

[4] As noted in the previous report and recommendation, the two additional parties named as defendants in the amended complaint were never served. The two additional defendants plaintiff was seeking to add were Shirley Ausborn, the Associate Warden of Programs at FCI Bennettsville, and Terry Whitehead, Unit Manager, at FCI Bennettsville. Michael Pettiford is the Warden at FCI Bennettsville.

visitation anywhere but FCI Bennetsville. Plaintiff is no longer located at FCI Bennetsville but is currently housed at FCI Williamsburg where visitation with his wife is not denied.

Additionally, plaintiff requested a declaration from the Court that the defendants violated his constitutional and civil rights. Specifically, plaintiff requests "A declaration that the acts and omission described herein violated plaintiff's rights under the Constitution and Laws of the United States, Common Laws, and Plaintiff's Civil Rights." Defendants argue this claim should be denied in that it has already been determined that plaintiff has not demonstrated the violation of any constitutionally protected right.

Significantly, the denial of visitation was temporary. As stated in plaintiff's response brief, he was "transferred from USP Lee County to FCI Edgefield; to FCI Bennetsville; to FCI Williamsburg all within one (1) year." (Plaintiff's response p. 2). Again, he was denied only while temporarily housed at FCI Bennetsville. Due to the transfer of plaintiff to an institution where he is no longer denied visitation with his wife, there is no longer a substantial controversy between the parties of sufficiency immediacy and reality to warrant the issuance of a declaratory judgment. Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977) (when a prisoner has been released or transferred there is no longer. . . a substantial controversy between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.) To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual . . .events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented. Baker v. Bodiford, 2007 WL 2212672 (D.S.C. July 27, 2007) *citing* Ross v. Reed, 719 F.2d 689, 694 (4th Cir. 1983).

8

### III.  CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that the defendants' motion be GRANTED (document #52).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 1, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

9